FILED

06 NOV -2 AM 8:27

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL OLIVER GIBBS,<br><br>　　　　　　　　　　Petitioner,<br>　　vs.<br>MIKE KNOWLES,<br>　　　　　　　　　　Respondents. | Civil No.  06-2383 W (CAB)<br><br>ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION |

Petitioner is a state prisoner proceeding with a habeas corpus action filed pursuant to 28 U.S.C. § 2254 attacking a conviction from the Superior Court of Riverside County, California. He has also filed a request to proceed in forma pauperis. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice. Thus, this Court does not rule on Petitioner's in forma pauperis status.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). The application in the present matter attacks a conviction in the Superior Court of Riverside County, California, which is within the jurisdictional boundaries of the United States District Court for the Central District, Eastern

///

1  Division. *See* 28 U.S.C. § 84(c)(1). Moreover, Petitioner is presently confined at Kern Valley
2  State Prison, which is located in Kern County and is within the jurisdictional boundaries of the
3  United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Thus,
4  jurisdiction exists in the Central or Eastern District; and not in the Southern District.

5  Although this Court does not have jurisdiction over the action, "[u]nder a provision of
6  the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
7  jurisdiction the court shall transfer the action to any other such court in which the action could
8  have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th
9  Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
10 has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
11 be in the interest of justice because normally dismissal of an action that could be brought
12 elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting
13 *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,
14 this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
15 § 2241(d).

16 When a habeas petitioner is challenging a state conviction, the district court of the district
17 in which a petitioner was convicted and sentenced is a more convenient forum because of the
18 accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district
19 courts in California to transfer habeas actions challenging a state conviction to the district in
20 which the Petitioner was convicted. Any and all records, witnesses and evidence necessary for
21 the resolution of Petitioner's contentions are more readily available in Riverside County, which
22 is thus a more convenient forum. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can,
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

of course, transfer habeas cases to the district of conviction which is ordinarily a more convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Central District of California, Eastern Division. *See* 28 U.S.C. § 2241(d). **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

DATED: 11/1/06

Thomas J. Whelan
United States District Judge

CC: ALL PARTIES